UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>SARAH ROMINES SKUPA,<br><br>　　　　　　Debtor(s). | Case No. 20-00112-GS<br>Chapter 7<br><br>Adv. Proc. No. 20-90007-GS |
| MATTHEW M. WHITE and WHITE ENVIRONMENTAL CONSULTANTS, INC.,<br><br>　　　　　　Plaintiff(s),<br><br>　　v.<br><br>SARAH ROMINES SKUPA,<br><br>　　　　　　Defendant(s). | |

**ORDER ON MOTION FOR SUMMARY JUDGMENT
PREMISED UPON 11 U.S.C. §§ 523(a)(4) and (a)(6)**

On March 22, 2021, this court heard oral argument on the plaintiffs' Motion for Summary Judgment Premised Upon 11 U.S.C. § 523(a)(4) and (a)(6) (Adv. ECF No. 31) (Motion). Appearances were as noted on the record. Debtor/defendant Sarah Skupa attended oral argument but did not file any written opposition. Nor did she oppose the motion at oral argument.

Fed. R. Civ. P. 56, incorporated by Fed. R. Bankr. P. 7056, governs motions for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the party moving for summary judgment would bear the burden of proof at trial, the movant must present evidence which would entitle it to a directed verdict if the evidence were to go uncontroverted at trial. In contrast, when the nonmoving

Page 1 of 7

party would bear the burden of proof at trial, the party moving for summary judgment may meet its burden by pointing out the absence of evidence from the nonmoving party." *Wigent v. Sci. Applications Int'l Corp.*, 19 F. Supp. 3d 1012, 1025 (D. Haw. 2014) (citing *Miller v. Glenn Miller Prods.*, 454 F.3d 975, 987 (9th Cir.2006)) [internal citations omitted]; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). If the moving party carries its burden of production, to defeat summary judgment the non-moving party must produce sufficient evidence to demonstrate that a genuine issue of material fact exists. *Id*. at 1103. *See also Tucson Electric Power Co. v. Pauwels Canada Inc.*, 651 Fed. Appx. 681, 682 (9th Cir. 2016) (quoting *Guidroz–Brault v. Missouri Pac. R.R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001)) (where the movant makes such a showing, "[t]he party opposing summary judgment bears the burden to 'produce some evidence, other than speculation or guesswork' sufficient to create a genuine dispute of material fact.").

In the summary judgment context, all facts are construed "in the light most favorable to ... the non-moving party, in deciding whether a *dispute* of fact is material and thereby precludes summary judgment.'" *Tennison v. City & Cty. of San Francisco*, 570 F.3d 1078, 1087 (9th Cir. 2009) (quoting *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir.2005)) [emphasis added]. Here, Ms. Skupa has not opposed the motion. Accordingly, there is no genuine dispute as to the facts alleged by the plaintiffs. However, notwithstanding the lack of opposition, a court "may not grant an unopposed motion for summary judgment solely because the opposing party has failed to file an opposition. The Court may only grant summary judgment if 'the motion and supporting materials ... show that the movant is entitled to it.'" *Canal Ins. Co. v. YMV*

*Transp., Inc.*, 867 F. Supp. 2d 1099, 1103–04 (W.D. Wash. 2011) (quoting Fed.R.Civ.P. 56(e)) [internal citations omitted].

Ms. Skupa agreed to plead guilty to theft in the first degree under a Notice of Plea Agreement filed on July 6, 2018 in Alaska Superior Court case 3AN-13-06898CR. On November 28, 2018, the Superior Court entered a Judgment for theft under AS 11.46.120, a class B felony after a sentencing hearing on November 5, 2018. The Superior Court then conducted restitution hearings over several days to calculate restitution as part of the sentence for that theft. As a result of these hearings, the Superior Court heard testimony from Rosny Rizk, a Certified Public Accountant and a Certified Fraud Examiner who submitted a report containing "extensive detailed information concerning the dollar amount of money stolen by the Defendant and how the amount was determined." Exhibit E at 4 (Adv. ECF No. 31-7). The Superior Court noted that among the "losses" detailed in the Justice for Fraud Victims report were "payments to ghost employees." *Id.* Per that report signed by Ms. Rizk, payroll deposits/checks made to John Skupa between September 2009 and September 2012 totaling $87,065.79 were considered "potentially fraudulent." Exhibit A at 6 (Adv. ECF No. 31-3).

The Superior Court concluded: "Based on the testimony of the State's witnesses, there is clear and convincing evidence that the Defendant stole money from White Environmental Consultants, Inc. and owes restitution to the victim. To reach the appropriate level of restitution, the court starts with the figure of $497,293.56, based on [the] Justice for Fraud Victims report and the testimony of Ms. Rizk." Exhibit E at 5. The total amount of $497,293.56 that the Superior Court found Ms. Skupa stole from White Environmental included the

$87,065.79 Ms. Skupa had paid to John Skupa. The Superior Court then deducted $87,765.79[1] from the total restitution amount. The Superior Court explained that this amount was deducted from the total restitution amount because the State agreed to waive that amount. *Id.* Thus, though the amounts Ms. Skupa stole from White Environmental and paid to John Skupa were found to be part of the total theft from White Environmental, they were not included in the restitution award.

The plaintiffs now argue that Ms. Skupa is liable for the $87,065.79 paid to John Skupa based upon the total amount of the theft found by the Superior Court, her plea agreement and Rizk's accounting accepted by the Superior Court. Ms. Skupa's theft is established by the State's criminal case. Under AS 11.46.120(a), theft in the first degree is defined as: "A person commits the crime of theft in the first degree if the person commits theft as defined in AS 11.46.100 and the value of the property or services is $25,000 or more." In turn, AS 11.46.100 provides that:

> A person commits theft if
>
> (1) with intent to deprive another of property or to appropriate property of another to oneself or a third person, the person obtains the property of another;
>
> (2) the person commits theft of lost or mislaid property under AS 11.46.160;
>
> (3) the person commits theft by deception under AS 11.46.180;
>
> (4) the person commits theft by receiving under AS 11.46.190;
>
> (5) the person commits theft of services under AS 11.46.200; or
>
> (6) the person commits theft by failure to make required disposition of funds received or held under AS 11.46.210.

---

[1] Although the Justice for Fraud Victims report totaled only $87.065.79 in payments to John Skupa (*see* Exhibit A, pp. 23-24), the Superior Court deducted $87,765.79 from the restitution judgment. *See* Exhibit E at 5.

The plaintiffs argue that the debt created when Ms. Skupa stole funds and distributed them to John Skupa as a ghost employee is nondischargeable under § 523(a)(4) and (a)(6). In the Motion, the plaintiffs simply conclude that "Skupa's debt to plaintiffs in the amount of $87,065.79 is…non-dischargeable since the debt was incurred through fraudulent acts within the exceptions set forth in 11 U.S.C. § 523(a)(4)." (Adv. ECF No. 31-2 at 5). This conclusory argument lacks sufficient specificity in light of § 523(a)(4)'s applicability to "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The plaintiffs generally rely on the definition of theft under Alaska law as conclusive proof that Ms. Skupa committed fraud while acting in a fiduciary capacity. But they have failed to develop their argument that theft under Alaska's criminal statute equates to fraud or defalcation while acting in a fiduciary capacity under § 523(a)(4). Indeed, there is no discussion of Ms. Skupa owing a fiduciary duty to White Environmental or Michael White. "To prevail on a nondischargeability claim under § 523(a)(4) the plaintiff must prove not only the debtor's fraud or defalcation, but also that the debtor was acting in a fiduciary capacity when the debtor committed the fraud or defalcation." *Honkanen v. Hopper (In re Honkanen)*, 446 B.R. 373, 378 (B.A.P. 9th Cir. 2011). The plaintiffs have not demonstrated that they are entitled to relief under § 523(a)(4). Therefore, summary judgment shall be denied as to that claim.

In contrast, summary judgment is appropriate under § 523(a)(6). Theft does constitute a willful and malicious injury as it is based upon an intent to deprive another of its property. "[U]nder *Geiger,* the willful injury requirement of § 523(a)(6) is met when it is shown either that the debtor had a subjective motive to inflict the injury *or* that the debtor believed that injury was substantially certain to occur as a result of his conduct." *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1208 (9th Cir. 2001) [emphasis in original]. "A 'malicious' injury involves '(1)

a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.'" *Id.* at 1209 (quoting *Murray v. Bammer (In re Bammer)*, 131 F.3d 788, 791 (9th Cir.1997)).

The Superior Court concluded that the plaintiffs' losses resulting from Ms. Skupa's theft included her payments made to ghost employees, including John Skupa in the amount of $87,065.79. Alaska's statutory definition of theft satisfies the elements for willful and malicious injury. This court's conclusion that Alaska's definition of theft in the first degree satisfies the elements of § 523(a)(6) is consistent with other courts that have considered the issue. *See C-Ball Ventures, LLC v. Oltmann (In re Oltmann)*, 505 B.R. 311, 317 (Bankr. D. Colo. 2014); *United States of America v. Bryant (In re Bryant)*, 248 B.R. 805 (Bankr. E.D. Ark. 2000); *Erickson v. Roehrich (In re Roehrich)*, 169 B.R 941 (Bankr. N.D. 1994); *FJK Tee Jay Ltd. v. Keitel (In re Keitel)*, 2018 WL 9597494, at *5 (Bankr. S.D. Fla. May 11, 2018) ("Likewise, the elements of willful and malicious injury under section 523(a)(6) correlate to the elements of Florida's criminal theft statute."); *see also JP Morgan Chase Bank, NA v. Selig (In re Selig)*, 2018 WL 889350 (Bankr. E.D.N.Y. Jan. 24, 2018) (conspiracy to commit theft).

For these reasons,

IT IS HEREBY ORDERED that the Motion for Summary Judgment Premised Upon 11 U.S.C. § 523(a)(4) and (a)(6) is GRANTED in part and DENIED in part as follows:

1. The request to deny the discharge of Ms. Skupa's $87,065.79 payments to John Skupa under § 523(a)(4) is DENIED.

2. The request to deny the discharge of Ms. Skupa's $87,065.79 payments to John Skupa under § 523(a)(6) is GRANTED.

DATED this 14th day of April, 2021.

      /s/ Gary Spraker
GARY SPRAKER
United States Bankruptcy Judge

Serve:  Debtor
David Freeman, Esq.
U.S. Trustee
ECF Participants via NEF
Case Manager